BOENING *v.* SCHAEFER.

1. APPEAL AND ERROR—ABANDONED CLAIMS NOT DISCUSSED.

Claims which have been abandoned in land contract foreclosure proceedings are not discussed.

2. SAME—QUESTIONS REVIEWABLE—OBJECTIONS.

Portions of decree in land contract foreclosure suit are not disturbed where results reached are equitable and where no objections thereto are raised.

3. VENDOR AND PURCHASER—RELIEF AGAINST VENDEE UNDER SUBCONTRACT.

Decree in land contract foreclosure suit which granted money decree against purchasers of a part of the lands under subcontract to vendees under the main contract and for foreclosure of the subcontract is ordered deleted where main contract vendees had not asked for such relief and filed no crossbill and decree was rendered practically upon the pleadings under record presented.

4. SAME—FORECLOSURE—ACCELERATION—EQUITY.

In suit to foreclose land contract whose parties had by a supplemental agreement stipulated that balance due on subcontract at a given date in the future was to be accepted as payment on main contract, where main contract became in default prior to such date and contained an acceleration clause, plaintiffs were entitled to entire balance due on main contract in cash, hence provision of decree of which plaintiffs make no complaint ordering payment of but half monthly rate required by supplemental agreement to avoid foreclosure sale is not disturbed.

5. SAME—TENDERS—INTEREST.

Tenders of partial payments under land contract, accompanied with demand for discount from balance conceded to be due *held,* insufficient to effect unconditional tender so as to stop running of interest.

6. APPEAL AND ERROR—UNEXPLAINED DOCUMENTS—RECORD.
    Documents appearing in the record without explanation are not
        to be considered by the Supreme Court.

Appeal from Macomb; Spier (James E.), J. Submitted April 12, 1938. (Docket No. 89, Calendar No. 40,005.) Decided June 6, 1938.

Bill by Amanda Boening and others against Stanley Schaefer and others to foreclose a land contract, set aside a conveyance and for other relief. Cross-bill by defendants Schaefer against plaintiffs and other defendants for specific performance of a land contract and other relief. From decree, defendants Schaefer appeal. Remanded.

*John D. Lynch,* for plaintiffs.

*Ira J. Pettiford,* for defendants Schaefer.

BUTZEL, J. Gustave Scholz and wife, as vendors, entered into a land contract, for the sale of approximately 18 acres of land in Macomb county, to Otto W. Heimke and wife, as vendees. After a down payment of $2,000, there remained the additional sum of $16,000 to be paid in instalments. Both vendors died and their eight children became vested with the title to the land and the land contract to which it was subject. All of the heirs living and the heir of one who died in 1930 are either parties plaintiff or defendant in the instant suit. On June 15, 1929, the Heimkes entered into a subcontract with Stanley Schaefer and wife, defendants and appellants herein, selling to them 5 of the 18 acres. This subcontract is not set forth in the record. On July 28, 1931, when $11,900 was still unpaid on the Scholz-Heimke contract, those holding the vendors' inter-

est entered into a supplemental contract with the Heimkes, giving the latter a credit of $3,900, and thus leaving an unpaid balance of $8,000. At the same time, payment of $2,000 in cash was made, leaving a balance of $6,000, which was to be paid at the rate of $60 per month beginning September 1, 1931, such payment to be applied first upon the interest and the balance upon principal. The supplemental agreement also contained the following provision:

"Provided the entire purchase money and interest shall be fully paid on or before two years from this date of signing this agreement: provided sellers accept the unpaid balance on a certain land contract dated June 15, 1929, on five acres of land, said five acres being a part of the above described parcel and on which Otto Heimke and Lillian Heimke, his wife, are the sellers and Stanley Schaefer and Johanna Schaefer, his wife, are the purchasers. This contract is to be accepted after September 1, 1933, for the unpaid balance due at that time providing it is not in default."

Subsequently the Heimkes purchased the interest of four of the heirs of the vendors in the main contract and in the premises therein being sold. They also had entered into some arrangement with Herman Scholz, another one of the children of the original vendors, under which a small deposit was paid to him in order to purchase his interest at a discount. Shortly thereafter Amanda Boening, Ella Baumgartner, Edward Scholz and Herman Scholz, heirs of the original vendors, who had not sold to the Heimkes, brought suit to foreclose the Scholz-Heimke contract as amended and to set aside for fraud the agreement of Herman Scholz to sell his interest to the Heimkes at a discount. The latter

claim has been abandoned and need not be discussed herein. Schaefer and wife were also made parties defendant in the foreclosure suit, it being alleged that they had purchased from Heimkes, 5 out of the 18 acres sold.

After foreclosure proceedings were begun, Herman Scholz sold his interest in the contract either to the Heimkes or the Schaefers so that the three vendors, who did not sell their interests, became the sole plaintiffs. However, the bill was not amended to drop Herman Scholz as a party plaintiff. None of the parties have objected to this procedure and all have treated the bill of complaint as if proper amendment had been made. It also seems to be taken for granted and conceded that when the Heimkes bought out the respective interests of the various heirs, the assignment of the vendor's interest operated in each instance as a payment on the contract to the extent of each of such heir's interest, and thus the balance due on the purchase price was reduced in the proportion of each interest so purchased. In this manner the amount due on the contract was reduced by five-eighths because of the purchase of 5 out of the 8 interests. It is conceded that on February 12, 1933, there was $2,325.52 due on the contract. The original contract as amended contained a provision that if payments were not regularly made by the Heimkes, the filing of a bill to foreclose would cause the entire balance to become due and in plaintiffs' bill of complaint they made such claim. Plaintiffs began foreclosure proceedings on March 9, 1933, about six months prior to the time provided in the supplemental agreement when they were to take an assignment of the subcontract for credit on the main contract. It is conceded that on February 12, 1933, a balance of $2,398.88 was owing on the subcontract to the Heimkes.

Defendants Schaefer and wife filed a cross-bill for specific performance of their subcontract, claiming that they had made regular payments on their contract to the Heimkes until told by a representative of plaintiffs that the Heimkes were in default and that they should not make further payments. They claim that they tendered the amount of all payments due to the plaintiffs and upon the latter's refusal to accept them, they placed the moneys in a safe deposit box. They asserted that that stopped the running of interest. The decree entered by the trial court neither granted specific performance nor dismissed the cross-bill, but no error is assigned on account of this failure to act. Apparently the claim has been abandoned.

The case did not come on for hearing until over four years after the filing of the pleadings. The record does not show the reason for the delay. Possibly plaintiffs were satisfied with their security and defendants-appellant did not push their cross-bill. The case was finally heard before Hon. James E. Spier, circuit judge. We can safely assume that he may have met some of the difficulties that confront us in coming to a conclusion in this case. The record consists largely of claims or statements by counsel supplemented only by a modicum of testimony. Many questions which occur to this court were not raised. Inasmuch as plaintiffs make no complaint, and file no cross-appeal, and the results reached are equitable, we shall not set aside portions of the decree as to which no objections are raised. The trial court found that the Heimkes were in default and that no unconditional tender of payment had been made. The court decreed foreclosure in the event of nonpayment in a lump sum of all past due payments, to be figured at $30 per month and to be applied first on interest and then on principal.

He awarded plaintiffs costs and made provisions for withholding $300 to clear the title if necessary. The decree also found the Schaefers indebted to the Heimkes and provided for foreclosure of the sub-contract, although the Heimkes had filed no bill asking for such relief. Further discussion of those terms of the decree, to which none of the parties objected, would only add to the confusion. It is no more than fair to state that present counsel for plaintiffs did not represent them until some time after the case reached this court.

The reasons and grounds for appeal filed by defendants-appellant are somewhat confused. They consist largely of a claim that the court did not have jurisdiction, on the pleadings, to grant the relief decreed.

There is some merit to this claim as far as the money decree against the Schaefers and the foreclosure of the subcontract are concerned. The Heimkes did not ask for such relief and filed no cross-bill. The decree should be amended and all affirmative relief against the Schaefers, other than foreclosure of the main contract, should be deleted. The amendment does not affect plaintiffs' rights in any respect.

The only issues which could possibly be raised on the pleadings were whether or not the Heimkes were in default on the main contract, and the amount due. There is evidence in the record which indicates that the Heimkes were in default before the Schaefers were instructed to cease making payments on the subcontract. Consequently it cannot be said that the default was induced by plaintiffs. Plaintiffs had the right, on default, to accelerate the balance owing. The clause in the supplemental agreement requiring plaintiff to take an assignment

of the subcontract for credit on the main contract, must be interpreted to provide only for a method of payment, and cannot serve to reduce the cash balance due when the contract was accelerated. Since the default occurred before the time plaintiffs were bound to take an assignment of the subcontract, the plaintiffs were entitled to declare the entire balance due in cash. This balance is conceded to be $2,325.52 as of February 12, 1933. However, the court ordered only that past due payments at the rate of $30 per month, a total of $1,590, need be paid to avoid foreclosure sale. This gave defendants more than they were entitled to, but since plaintiffs have not complained, we shall not disturb the decree in that regard.

Appellants claim that they made a tender of all amounts due plaintiffs but that tender was refused. The testimony, however, of a former counsel of plaintiffs, who took the stand, as well as that of one of appellants, refutes this claim. There was some discussion in regard to appellants paying up the contract but there was never an unconditional tender. Appellants always demanded a discount from the balance conceded to be due. The findings of the trial judge were fully supported by the record.

A decree was entered on July 21, 1937. Motion was made to amend the decree on August 18, 1937, to correct a mistake in computation, and the court amended it on September 20, 1937. The record contains a receipt dated August 16, 1937, signed by plaintiffs' counsel at that time showing the payment by Schaefer of $1,226.92 on the principal due and also contains a calculation in an affidavit signed by Schaefer, made on September 30, 1937. Calendar entries also show that $1,115 was paid into the court on November 10, 1937. These documents ap-

pear without explanation and we cannot consider them. As the case must be remanded for correction of the decree, the trial judge can give such consideration to the alleged payments as they deserve, upon his attention being called to them.

Inasmuch as the main questions are decided hereby, it is also suggested, but not ordered, that upon payment of the sums due plaintiffs there should be little difficulty in having all parties make proper transfers of interest so that each may receive what is due him under the main contract and subcontract.

The case is remanded to the trial court to delete the order of foreclosure of the subcontract and to make amendment as suggested upon notice to the parties. Appellees will recover costs of this court.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.